UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE TOWN OF BROOKLINE, ) | |
| TOWN OF BROOKLINE BOARD ) | CIVIL ACTION NO. 05-10644WGY |
| OF APPEALS and DIANE R. GORDAN, ) | |
| BAILEY S. SILBERT and ENID M. ) | |
| STARR, in their capacities as ) | |
| members of the Town of Brookline ) | |
| Board of Appeals ) | |
| ) | |
| Defendants ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

This action arises out of the Town of Brookline Board of Appeals' ("Zoning Board") lawful and appropriate denial of the plaintiff's application for a special permit to allow it to install a wireless communication facility and related equipment on an existing building at the property known and numbered as 1004-1022 West Roxbury Parkway, Brookline, MA (the "Property"). In response to the plaintiff's introductory paragraph, the Defendants state that no response is required.

### PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendants admit the allegations contained in this paragraph.

3. The defendants admit the allegations contained in this paragraph.

4. The defendants admit the allegations contained in this paragraph.

## JURISDICTION AND VENUE

5. The defendants state the allegation in this paragraph calls for a legal conclusion and therefore, require no response from the defendants.

6. The defendants state the allegations in this paragraph call for a legal conclusion and therefore, require no response from the defendants.

## FACTUAL BACKGROUND

**The Personal Communications Service Technology**

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. The defendants deny the allegation contained in this paragraph.

15. The defendants deny the allegations contained in this paragraph.

16. The defendants state that the plaintiff's Application for a special permit speaks for itself, and deny the remaining allegations contained in this paragraph.

**Federal Statutory Control Over PCS Siting**

17. The defendants state the cited statute speaks for itself and therefore, no further answer is required.

18. The defendants state the cited statute speaks for itself and therefore, no further answer is required.

**The Request For A Special Permit By Omnipoint**

19. The defendants state the cited by-law speaks for itself and therefore, no further answer is required.

20. The defendants admit the allegation in this paragraph that states that Omnipoint filed an application for a special permit and further answer that the application speaks for itself and therefore, no further answer is required.

21. The defendants admit that on August 12, 2004 and December 9, 2004, the Zoning Board conducted a hearing on the plaintiff's and another telecommunication carrier's application for a special permit at the Property. The defendants deny the remaining allegations of this paragraph.

22. The defendants deny the allegations contained in this paragraph.

23. The defendants deny the allegations contained in this paragraph.

24. The defendants admit the allegations contained in this paragraph.

25. The defendants admit the allegations contained in this paragraph.

26. The defendants state the Decision speaks for itself and therefore, no further answer is required.

27. The defendants deny the allegations contained in this paragraph.

28. The defendants deny the allegations contained in this paragraph.

**COUNT I - Violation of the Telecommunications Act of 1996**

29. The defendants incorporate by reference their answers to paragraphs 1 through 28 above.

30. The defendants state the cited Article speaks for itself and therefore, no further answer is required.

31. The defendants state the allegations in this paragraph call for a legal conclusion and therefore, require no response from the defendants.

32. The defendants state the allegations in this paragraph call for a legal conclusion and therefore, require no response from the defendants.

33. The defendants state the cited Code speaks for itself and therefore, no further answer is required.

34. The defendants deny the allegations contained in this paragraph.

35. The defendants deny the allegations contained in this paragraph.

36. The defendants deny the allegations contained in this paragraph.

37. The defendants deny the allegations contained in this paragraph.

38. The defendants state the cited Code speaks for itself and therefore, no further answer is required.

39. The defendants deny the allegations contained in this paragraph.

40. The defendants admit the allegation in this paragraph which states that the Walnut Hill Cemetery's status on the National Register of Historic Places may render it ineligible for such placement. The defendants deny the remaining allegations contained in this paragraph.

41. The defendants deny the allegations contained in this paragraph.

42. The defendants deny the allegations contained in this paragraph.

43. The defendants deny the allegation contained in this paragraph.

**WHEREFORE**, the answering defendants demand that judgment be entered in their favor with interest, fees and costs awarded to it.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed for failure to exhaust administrative remedies.

## THIRD DEFENSE

Defendants deny all of the plaintiff's claims of wrongful conduct and state that they were at all relevant times acting in good faith and in the reasonable belief that their actions were lawful.

## FOURTH DEFENSE

Defendants state that the Zoning Board's denial of plaintiff's application for a special permit is supported by substantial evidence contained in the written record, and therefore, is proper.

## FIFTH DEFENSE

Defendants state that the Zoning Board's denial of plaintiff's application does not prohibit or have the effect of prohibiting the provision of personal wireless services as contemplated by the Telecommunications Act, and therefore, is proper.

## SIXTH DEFENSE

The Defendants assert that plaintiff is not entitled to, and therefore cannot recover, damages, costs, or attorney's fees in this matter.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues so triable.

Respectfully Submitted,
THE DEFENDANTS
By their attorneys,

*/s/ Joslin Murphy*
Joslin Murphy
BBO No. 553471
The Office of Town Counsel
333 Washington Street
Brookline, MA 02445
Dated: April 25, 2005          (617) 730-2190