UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OMNIPOINT HOLDINGS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE TOWN OF BROOKLINE, )<br>TOWN OF BROOKLINE BOARD )<br>OF APPEALS and DIANE R. GORDON, )<br>BAILEY S. SILBERT and ENID )<br>M. STARR, in their capacities as )<br>members of the Town of Brookline )<br>Board of Appeals )<br>)<br>    Defendants )<br>) | CIVIL ACTION NO. 05-10644WGY |

## PROPOSED PRE-TRIAL SCHEDULE

This is an action arising from the denial by the Town of Brookline Board of Appeals ("Zoning Board") of an application, pursuant to the Town of Brookline Zoning By-Law ("Zoning By-Law") by Omnipoint Holdings, Inc. ("Omnipoint") for a special permit to allow Omnipoint to install panel antennas concealed within a "stealth" flagpole structure to be mounted on an existing building at the property known and numbered as 1004-1022 West Roxbury Parkway, ("the Property"). Plaintiff seeks relief under the Federal Telecommunications Act of 1996, 47 U.S.C. § 332.

The parties, having conferred in accordance with their obligations under Local Rule 16.1, propose the following pre-trial schedule in this matter:

1. The parties will file motions related to the pleadings on or before October 21, 2005:

    a. Defendants anticipate moving to consolidate this case with <u>Cellco Partnership d/b/a Verizon Wireless v. The Town of Brookline et al.</u>, United States District Court Civil Action No. 05-10655 REK ("Verizon Wireless"). The Verizon Wireless matter arises from the Zoning Board's denial of a special permit for installation of wireless communications facilities at the Property, sought by Verizon Wireless contemporaneously with the special permit request made by Omnipoint.

    b. Plaintiff anticipates moving to amend its Complaint to add a Count against the defendant Town of Brookline, which has recently issued a Request for Proposal to implement a Distributed Antenna System ("DAS") for South Brookline, RFP No. P-06-12, dated August 4, 2005 ("RFP"). Plaintiff, while reserving its right to contest the relevance and/or the admissibility of this RFP in this action, believes that implementation of a DAS system, under the August 4, 2005 RFP, would effectively prohibit Omnipoint's ability to provide interstate or intrastate telecommunications services in violation of 47 U.S.C. s. 253.

2. The parties will meet their automatic disclosure obligations, under F.R.C.P. 26, by October 3, 2005.

3. The parties will complete service of documentary discovery by December 1, 2005 and respond to documentary discovery by January 15, 2006.

4. The parties will complete fact depositions in this case by March 31, 2006.

5. The parties will identify and disclose expert information by May 15, 2006.

6. Summary judgment motions will be served by June 1, 2006 and will be filed by July 15, 2006.

7. In the event that this matter is not resolved through cross-motions for summary judgment, the parties will be ready to try the case within forty-five days of the Court's ruling on summary judgment motions.

The parties do not consent to trial of this case before a United States Magistrate.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| OMNIPOINT HOLDINGS, INC. | TOWN OF BROOKLINE, et al., |
| By its attorneys, | By its attorneys, |
| *[signature]* | *[signature]* |
| William A. Worth, Esq., BBO #544086<br>Ricardo M. Sousa, Esq. BBO # 565043<br>Prince, Lobel, Glovsky & Tye LLP<br>585 Commercial Street<br>Boston, MA  02109-1024<br>(617) 456-8000 | Jennifer Dopazo BBO #662770<br>Town Counsel<br>Joslin Murphy BBO # 553471<br>Associate Town Counsel<br>Town of Brookline<br>333 Washington Street<br>Brookline, MA 02445<br>Tel: (617)-730-2190 |

Date:  September 12, 2005