UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC., <br>     Plaintiff <br><br> v. <br><br> THE TOWN OF BROOKLINE, TOWN OF BROOKLINE BOARD OF APPEALS and DIANE R. GORDON, BAILEY S. SILBERT and ENID M. STARR, in their capacities as members of the Town of Brookline Board of Appeals, <br>     Defendants | CIVIL ACTION NO. 05-10644-WGY |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br> and <br><br> BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS, <br>     Plaintiffs <br><br> v. <br><br> TOWN OF BROOKLINE, MASSACHUSETTS; <br><br> TOWN OF BROOKLINE BOARD OF APPEALS; <br><br> and DIANE GORDON, HARRY MILLER, BAILEY SILBERT, ENID STARR, LAWRENCE KAPLAN, MURRAY SCHOCKET in their official capacities as Members of the Town of Brookline Board of Appeals, <br>     Defendants. | CIVIL ACTION NO. 05-10655-REK |

1

**MEMORANDUM IN SUPPORT OF THE DEFENDANTS'**
**MOTION FOR CONSOLIDATION OF RELATED ACTIONS**

The Defendants Town of Brookline, its Board of Appeals, and certain members of the Board of Appeals (the "Movants" herein), respectfully submit this memorandum in support of their motion to consolidate the foregoing related actions.

## I.   BACKGROUND

In June 2004, the plaintiff, Omnipoint Holdings, Inc., filed an application for a special permit with the Town of Brookline Board of Appeals seeking authorization to install wireless communication facilities and related equipment on certain commercial property known as the Shops at Putterham, a small shopping plaza located at 183 - 189 Grove Street and 1004 – 1022 West Roxbury Parkway in Brookline.  The plaintiff, Cellco Partnership/Verizon Wireless, Inc., submitted a similar application to the Board of Appeals within the same timeframe, also seeking permission to install wireless communication facilities and equipment at the same location.  See, Affidavit of Polly Selkoe, attached.

By agreement of the parties, the applications were consolidated for hearing and decision purposes, and on August 12, 2004 and December 9, 2004 the Board of Appeals conducted a consolidated hearing.  On March 3, 2005, the Board of Appeals issued a decision denying both applications.  See, Affidavit of Polly Selkoe, attached.

The foregoing civil actions seek relief from the Board's decision under the Federal Telecommunications Act of 1996, and involve common questions of both law and fact.  The plaintiffs in both civil actions are personal wireless service providers.  The common defendants in both actions are the Town of Brookline, its Board of Appeals, and certain members of the Board of Appeals.  Both actions arise from the March 3, 2005

decision of the Board of Appeals denying the plaintiffs' applications for special permits under the Town of Brookline's Zoning By-law, for authorization to install wireless communication facilities and related equipment at the same location in Brookline.

## II.    PROCEDURAL HISTORY

Plaintiff Omnipoint Holdings, Inc. commenced case number 05-10644-WGY, the first related case, on or about April 1, 2005.  A Scheduling Conference was conducted on September 19, 2005.  Plaintiff Bell Atlantic Mobile, d/b/a/ Verizon Wireless, commenced case number 05-10655-REK on or about April 4, 2005.  No further action has been taken in this case.

## III.    ARGUMENT

### A.    The Related Actions Should be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc*., 79 F.Supp.2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig*., 416 F.Supp. 161, 175 (C.D. Cal 1976). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

These civil actions are ideally suited to consolidation because their consolidation will expedite proceedings, reduce duplication and minimize the expenditure of time and money by all concerned.  *See Equity Funding*, 416 F.Supp. at 176; *Aronson*, 79 F.Supp.2d at 1150.  Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately.  *See Equity Funding*, 416 F.Supp. at 176.

The actions pending before this Court present similar factual and legal issues as they involve the same subject matter and present the same or nearly identical legal issues. Each alleges the same cause of action under the Federal Telecommunications Act of 1996, and each is based upon the same allegedly wrongful conduct. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery will be relevant to both actions. Accordingly, consolidation under Rule 42(a) is highly appropriate, and it is in the interest of judicial economy to do so.

Respectfully submitted,
*Town of Brookline, Town of Brookline Board of Appeals, and Members of the Board of Appeals*
By their Attorney:

*/s/ Joslin Murphy*
Joslin Murphy
BBO No. 553471
Associate Town Counsel
333 Washington Street
Brookline, MA 02445

Dated: September 26, 2005    Tel. No. (617) 730-2190