UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.<br><br>　　　Plaintiff,<br><br>v.<br><br>THE TOWN OF BROOKLINE,<br>TOWN OF BROOKLINE BOARD<br>OF APPEALS and DIANE R. GORDON,<br>BAILEY S. SILBERT and ENID<br>M. STARR, in their capacities as<br>members of the Town of Brookline<br>Board of Appeals<br><br>　　　Defendants | CIVIL ACTION NO. 05-10644WGY |

### PLAINTIFF OMNIPOINT HOLDINGS, INC.'S ASSENTED TO MOTION TO EXTEND PRE-TRIAL SCHEDULE DEADLINES

The plaintiff Omnipoint Holdings, Inc. ("Omnipoint") moves this Honorable Court for a thirty (30) day extension of the deadline to complete fact depositions (and subsequent deadlines) as Omnipoint has not yet received documents it timely requested from the Town of Brookline (the "Town"), and which it needs to identify deponents and prepare for and complete fact depositions. The requested extension will not disrupt this Court's trial calendar as there is no scheduled trial date in this action as the parties expect this case will be resolved through cross motions for summary judgment. The Town assents to this Motion.

In further support, Omnipoint states as follows:

This is an action arising under the Federal Telecommunications Act of 1996, 47 U.S.C. § 332. Omnipoint filed suit after the Town of Brookline Board of Appeals denied an application for a special permit to allow Omnipoint to install panel antennas concealed within a "stealth"

flagpole structure to be mounted on an existing building in South Brookline. In accordance with this Court's rules, the parties proposed to this Court a pre-trial schedule, which was approved. The parties then engaged in discovery.

On November 30, 2005, Omnipoint served on the Town interrogatories and requests for production of documents. On January 17, 2006, the Town provided written discovery responses and invited Omnipoint to review relevant documents at Town Counsel's office. The Town provided Omnipoint's counsel an opportunity to review its responsive documents on February 1, 2006.

At the February 1 meeting, Omnipoint's counsel reviewed numerous boxes of Town documents and identified approximately 1,000 documents it wanted copied. At the meeting and thereafter, Omnipoint's counsel agreed to pay outside copying costs or have the copies made at its office. The Town opted to copy the documents in-house. On February 24, 2006, Town Counsel informed Omnipoint's counsel that the documents were in the process of being copied and would be provided to Omnipoint no later than March 3, 2006, more than 45 days after providing its response to plaintiff's request for production of documents.

The deadline to complete fact depositions, March 31, 2006, is rapidly approaching. Because of the delay in obtaining the Town's documents, Omnipoint does not have enough time before the fact deposition deadline to analyze the Town's documents (there are approximately 1,000, some of which contain dense and/or technical information regarding the telecommunications industry), confer with its client and/or experts regarding the documents, identify deponents and prepare for their depositions. Further, it is inevitable that scheduling conflicts will arise that will prevent the parties from completing the depositions on time. An additional thirty (30) days will eliminate these time constraints. Omnipoint proposes the following revised schedule, which applies to both parties:

- Fact depositions will be completed by April 30, 2006.

- Expert disclosures will be made by June 15, 2006.

- Summary judgment motions will be served by June 1, 2006 and will be filed by July 15, 2006.

As stated, both parties expect that this case will be resolved through summary judgment. In the unlikely event that it is not, the parties will be ready for trial within forty-five days of the Court's ruling on summary judgment motions.

WHEREFORE, for the foregoing reasons the plaintiff Omnipoint Holdings, Inc. respectfully requests that this assented to Motion to Extend Pre-Trial Schedule Deadlines be allowed and all remaining scheduling deadlines be extended by 30 thirty days.

| Respectfully submitted, | Assented to, |
|---|---|
| OMNIPOINT HOLDINGS, INC. | TOWN OF BROOKLINE, et al., |
| By its attorneys, | By its attorneys, |
| William A. Worth, BBO #544086<br>Ricardo M. Sousa, BBO #565043<br>Kristin M. Knuuttila, BBO #633828<br>Prince, Lobel, Glovsky & Tye LLP<br>585 Commercial Street<br>Boston, MA 02109-1024<br>(617) 456-8000 | Jennifer Dopazo, BBO #682770<br>Town Counsel<br>Joslin Murphy, BBO # 553471<br>Associate Town Counsel<br>Town of Brookline<br>333 Washington Street<br>Brookline, MA 02445<br>(617)-730-2190 |

Date: February 28, 2006

CERTIFICATE OF SERVICE

I, Kristin M. Knuuttila, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 28, 2006.

Kristin M. Knuuttila